MILLER v. JOHNSON.

[84 South. 455. In Banc. No. 21059.]

1. APPEAL AND ERROR. *Circuit court is without jurisdiction to affirm without an appeal bond.*

The circuit court is without jurisdiction to enter a judgment affirming a judgment of the board of supervisors granting a private right of way over the lands of appellee in the absence of an appeal bond.

2. Appeal and Error. *Circuit court had no jurisdiction over judgment of board of supervisors in absence of appeal bond.*

　　When the petitioner for the right of way prayed an appeal from the order of the board of supervisors, but failed to give an appeal bond, the circuit court is without jurisdiction to affirm the judgment of the board of supervisors upon motion of the landowner to docket and affirm the order of the board of supervisors when it appears that no appeal bond was filed by either of the parties.

Appeal from Circuit Court of Wilkinson County.

Hon. R. E. Jackson, Judge.

Proceedings by L. C. Miller against Mrs. Mary Johnson for the grant of a private right of way over certain lands. From a finding of damages, petitioner appealed to the circuit court. Judgment for Mrs. Mary Johnson, and L. C. Miller appeals. Reversed and dismissed.

*A. H. Jones* for appellant.

Without an appeal bond the circuit court was utterly without jurisdiction; to cite authorities on this elementary proposition would be superogative. Appellee does not answer, nor attempt to answer this, but contents herself with the statement that appellant ought to have given that bond, and so, ignoring the board of supervisors entirely, disregarding the court which had passed on the application of the appellant and the claims of the appellee, she required that the circuit court, a tribunal without jurisdiction, enter judgment against appellant because he has failed to enter into bond.

*Bramlett & Bramlett,* for appellee.

The second and fourth assignments of error, and first contention of appellant, is that the circuit court had no jurisdiction to render the judgment in this case. Our contention is that appellant, by his proceedings to ac-

quire appellee's land, vested jurisdiction in the circuit court.

It is there shown that appellant filed his petition before the board of supervisors of Wilkinson county for a private right of way over the land of appellees and after legal proceedings, this petition was granted, and the land of appellee vested in appellant.

Appellant prays and is granted an appeal to the circuit court. Jurisdiction was then and there given to the circuit court under sections 4411, 4406 and 4402 of the Code of 1906, which were strictly followed by the board of supervisors. When the appeal to the circuit court was granted appellant, the case was no longer in the supervisor's court, and could only be in the circuit court, for the case did not support in the air, nor float upon the sea. Appellant's land was gone, no payment was made to her, nor offer of payment, but the land is vested in appellant, and he cooly says when I choose to give bond for costs, then the circuit court has jurisdiction, and until that time, you, appellee, have no remedy. By taking or appealing his case to the circuit court, appellant now is estopped from questioning the jurisdiction, of that court. One of the first principles of our laws is that there is no wrong without a remedy, and the remedy here was the course appellee pursued. And while we contend that while sections of the Code cited gives authority for this course, certainly by analogy under section 4921 of the Code of 1906, there is such' authority. Our land was gone, no compensation, and no other remedy. And here we will add that appellant by having the case docketed in the circuit court and obtaining judgment against appellant, she waived her right for security for costs, and proceeded against appellant alone. The judgment is on p. 8, record, and shows that it was rendered on evidence before the court.

And appellant was not entitled to notice of the trial in the circuit court. He brought the case, forced ap-

pellee into court, wrested her land from her, took an appeal to the circuit court, and his place was in that court to prosecute his appeal, and in law he was there, in that court when the case against him was heard and tried. No notice to an appellant is required in this case, under section 4921, and none was due appellant. And with due respect to counsel for appellant we fail to see the relevancy of the case cited by him in this case.

We contend that appellant having taken appellee's land without paying one cent therefore, the board of supervisors having fixed its value, the judgment of the circuit court was just and fair, and should be affirmed. Otherwise, appellee is without a remedy.

Cook, J., delivered the opinion of the court.

Appellant petitioned the board of supervisors of Wilkinson county to view and grant him a private right of way over the lands of appellee. The prayer was granted, and damages were fixed by the board of supervisors at nine hundred and fifty dollars. From this finding of damages the petitioner, appellant here, prayed an appeal to the circuit court; this was allowed, and the appeal bond fixed at two hundred dollars. This was at the October term of the board of supervisors. No appeal bond was filed or executed, but at the October term, Mrs. Mary Johnson, the appellee, filed a motion in the circuit court setting up these facts, and, without notice of this motion being in any way served on the petitioner, the appellant here moved that the case be docketed and dismissed, and that judgment be entered in the circuit court against the petitioner, appellant here, for the sum of nine hundred and fifty dollars and all costs. This was sustained. Execution was issued on this alleged judgment, when appellant filed his supersedeas bond, and the case is now before this court.

It affirmatively appears that no appeal bond was filed by either of the parties, and this was jurisdictional. The judgment was therefore a nullity. Code 1906, sections 4411, 4405.

*Reversed and dismissed.*